UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DESIGN BASICS, LLC,

    Plaintiff,

v.    Case No: 1:13-cv-548

FOX CITIES CONSTRUCTION CORP.,
DOUBLE DECKER DEVELOPMENT, LLC,
FOX CITIES HOMES, LLC,
K. DECKER BUILDERS LLC,
FOX CITIES REAL ESTATE, LLC and
KEITH G. DECKER,

    Defendants.

### *PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*

NOW COMES the Plaintiff, Design Basics, LLC, by its attorneys, Dana A. LeJune and Michael T. Hopkins, and as and for a cause of action against the Defendants, Fox Cities Construction Corp.; Double Decker Development, LLC.; Fox Cities Homes, LLC.; K. Decker Builders, LLC.; Fox Cities Real Estate. LLC, and Keith G. Decker, alleges and shows to the Court as follows:

**Jurisdiction and Venue**

1.    The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2.    Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District.

**Parties**

3. Design Basics LLC is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4. The Defendant, Fox Cities Construction Corp. ("FCC"), is a Wisconsin corporation with its principal office located in Oshkosh, Wisconsin, and having as its principal corporate activity the marketing, construction and sale of residences.

5. The Defendant, Double Decker Development, LLC ("DDD"), is a Wisconsin limited liability company with its principal office located in Oshkosh, Wisconsin, where it develops subdivisions, and sells lots for the construction of houses.

6. The Defendant, Fox Cities Homes, LLC ("FCH"), is a Wisconsin limited liability company with its principal office located in Oshkosh, Wisconsin, where it constructs, advertises/markets, and sells houses.

7. The Defendant, K. Decker Builders, LLC ("KDB"), is a Wisconsin limited liability company with its principal office located in Oshkosh, Wisconsin, where it constructs, advertises/markets, and sells houses.

8. The Defendant, Fox Cities Real Estate, LLC ("FCRE"), is a Wisconsin limited liability company with its principal office located in Oshkosh, Wisconsin where it performs real estate sales.

9. Keith G. Decker ("Decker"), is an adult individual residing in Oshkosh, Wisconsin, who is employed as an officer, director, manager or other principal of the corporate Defendants.

## Facts

10. Design Basics is the sole original author and owner of a large number of architectural works, including two entitled the "Prairie," and "Laverton."

11. Design Basics registered its copyright in the work entitled "Prairie" with the United States Copyright Office on August 14, 1991 and was provided Registration Number VA467639 therefor. Exhibit 1 attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for said work.

12. Design Basics registered its copyright in the work entitled "Laverton" with the United States Copyright Office on January 2, 1991 and was provided Registration Number VA434201 therefor. Exhibit 2 attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for said work.

13. On May 20, 2010, Design Basics first became aware that FCC had violated its copyrights in one or more distinct ways. On said date, and in the course of marketing its works to previous customers, Design Basics saw several infringements of its works on FCC's web site. These infringing works included Design Basic's "Prairie," which FCC called "Camden;" and Design Basics' "Laverton" which FCC called "Nottingham."

14. When Design Basics checked its records, it found that FCC had never licensed *any* of these works. Additionally – and although during the time 1990 through 2003, FCC ordered and was sent a total of 13 of Design Basics' plan books – FCC never purchased any license to use any of Design Basic's works. Further, all of the plans infringed by Defendants were contained in one or more of said 13 plan books.

15. On August 25, 2010, Design Basics placed FCC and its registered agent, Keith Decker on notice of the infringing activities, demanded that the infringements cease and that the infringer(s) desist from said activities, requested that evidence be preserved, and requested that commercial general liability insurance carriers be placed on notice of the claims. (Exhibit 3). Neither FCC nor Decker responded to said letter.

16. In addition to posting infringing copies of Design Basics' works on its website for purposes of advertising, marketing and promotion, FCC also constructed one or more three-dimensional infringing copies (houses) of Design Basics' works.

17. That each house constructed by FCC as alleged in paragraph 16, *supra*, constitutes a derivative work infringing Plaintiff's copyright protected works in violation of 17 U.S.C. §§106(2) and 501.

18. The Defendants, DDD, FCH, KDB, FCRE and DECKER all had knowledge of FCC's infringing activities and benefited there from by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services to FCC, for consideration, and in furtherance of FCC's marketing, construction and/or sales of said infringing homes.

19. The illicit acts of the Defendants, described in paragraphs 13 through 18, *supra*, were done without permission or license from Design Basics, in violation of Design Basics' exclusive copyrights in said works.

20. Upon information and belief, the Defendants have infringed the copyrights in other original architectural works of Design Basics, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

21. The conduct of the corporate Defendants, described above, was performed and accomplished through the direction, control and conduct of the Defendant, Decker, personally and as an owner and officer of the corporate Defendants. Decker had the ability to prevent the corporate Defendants from infringing Design Basics' works and/or to stop the infringements once they began. Additionally, Decker received pecuniary benefit from the corporate Defendants' acts of infringement. Accordingly, Decker is personally liable to Design Basics as joint, vicarious, and/or contributory infringer.

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**

22. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

23. Defendants, without knowledge or intent, infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

**Count Two**

24. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

25. Defendants, without knowledge or intent, infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

### Count Three

26. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

27. Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

### Count Four

28. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

29. Defendants, without knowledge or intent, infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief have done so with others of their works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

30. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

31. Alternatively, Defendants willfully infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

### Count Six

32. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

33. Alternatively, Defendants willfully infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by publicly displaying, on web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

### Count Seven

34. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

35. Alternatively, Defendants willfully infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

**Count Eight**

36. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

37. Alternatively, Defendants willfully infringed Design Basics' copyright in one or more of its works identified and described in paragraphs 10 through 12, *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief have done so with others of Design Basics' works which are as yet undiscovered.

**Violations of DMCA § 1202**
**Count Nine**

38. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 37, *supra*.

39. Additionally and alternatively, Defendants violated §1202 *et seq*. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202, *et seq*.

40. In creating the drawings identified above, said Defendants intentionally removed and omitted Design Basics' copyright management information from copies of its works.

41. Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

42. At the time said Defendants removed Design Basics' copyright management information from copies of its works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyrights.

43. Design Basics is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of its rights under 17 U.S.C. §1202, *et seq*.

44. Pursuant to 17 U.S.C. §1203(b)(5), Design Basics is entitled and seeks to recover its reasonable attorneys' fees.

WHEREFORE, the Plaintiff, Design Basics, LLC demands that judgment be entered in its favor and against the Defendants, jointly and severally, as follows:

a). For an accounting by Defendants of their activities in connection with their infringements of Plaintiff's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b). For its actual damages, in an amount to be determined at trial;

c). For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

d). In the alternative, at Design Basics option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above, in an amount to be determined at trial;

e). An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq*.;

f). Design Basics' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

g). For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Design Basics' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Design Basics' plans and/or derivatives thereof;

h). An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Design Basics' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

i). An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

j). For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 15th day of May, 2013.

          HOPKINS McCARTHY LLC

By: s/Michael T. Hopkins
Michael T. Hopkins
SBN: 1014792
email: mth@hmclaw.com
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 866-735-0515

10

and

LEJUNE LAW FIRM

By: s/Dana A. LeJune
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713/942.9898 Telephone
713/942.9899 Facsimile
Counsel for Plaintiff,
Design Basics, LLC